Okey, C. J.
The cities of Ohio are public corporations, authorized and organized for convenient administration of the government. Their powers and duties are neither created nor regulated by contract, express or implied, but by statutes, Avhich may, from time to time, as occasion requires, be altered or repealed. And it is a general rule, subject to exceptions (as in Park Commissioners v. Detroit, 28 Mich. 288), that as to matters relating to the government of a public corporation, —concerning which the legislature' may authorize the corporation to make provision by ordinance, — the legislature may directly provide by statute, and a duty thus required of the corporation may be enforced by the courts. The State v. Commissioners, 35 Ohio St. 458. A statute granting authority to lay pipes, for the purposes specified, in the streets of municipal corporations, would be clearly authorized by the general grant of legislative power (Const, art. 2, § 1); and where a statute does not impinge upon any constitutional inhibition, the legislature is the sole judge as to the form it may be made to assume. Stall v. Macalester, 9 Ohio, 19; People v. Dana, 22 Cal. 11.
The claim is made, however, that the statutory provision in question is retroactive, and hence Avithin the constitutional prohibition on that subject. Art. 2, § 28. But “ the constitutional inhibition does not ajsply to legislation recognizing or affirming the binding obligation of the state, or any of its subordinate agencies, with respect to past transactions. It is designed to prevent retrospective legislation injuriously affecting individuals, and thus protect vested rights from invasion.” New Orleans v. Clark, 95 U. S. 644, 655; Rev. Stats. 99, note; State v. Hoffman, 35 Ohio St. 435. And the further claim is made, that the statutory provision confers corporate power, and, being special, violates the constitution, art. 13, § 1. But the statute is general and not special. Rev. Stats. 123, note.

Judgment affirmed.